**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-40487
Summary Calendar

JENNIE DRAIN, Individually and as Administratrix of the Estate of Joe D. Drain, Et Al,

Plaintiffs,

SHELLY DRAIN SMITH, Individually and as an Heir to the Estate
of Joe D. Drain; JOE DON DRAIN, Deceased,

Plaintiffs-Appellees

VERSUS

GALVESTON COUNTY, ET AL,

Defendants.

DANIEL COOPER, Constable, Individually and in his Official Capacity,

Defendant-Appellant

-------------------------------------------
SHELLY DRAIN SMITH, Individually and as an Heir to the Estate of Joe D. Drain

Plaintiff-Appellee

versus

GALVESTON COUNTY, ET AL

Defendants,

DANIEL COOPER, Constable, Individually and in His Official Capacity,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CV-316

February 18, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On December 26, 1995, Joe Drain shot his wife, Jennie, during a domestic dispute. Mr. Drain

then called 911 and reported what he had done. Three League City (Texas) police officers and

Constable Daniel Cooper of Galveston County responded to the call. When the authorities arrived,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mr. Drain, his injured wife, and his daughter were all still inside the house. Mr. Drain stated that he felt he would be killed if he came out of the house, and a standoff ensued.

Eventually a League City Police detective reached Mr. Drain on the telephone, and persuaded him to come out of the house. Mr. Drain exited the house with his gun pointed at his own head. The factual evidence of exactly what happened next is in conflict. It is undisputed, however, that shortly after exiting the house, Constable Cooper shot Mr. Drain five times, killing him.

Joe Drain's widow, Jennie Drain, filed suit on her own behalf and on behalf of Joe Drain's estate, of which she was administratrix. Shelley Drain Smith, Mr. Drain's daughter from a previous marriage, also filed suit. The plaintiffs sued Galveston County, League City, and Constable Daniel Cooper under 28 U.S.C. § 1983, asserting that Cooper had unreasonably used excessive force in the shooting death of Joe Drain. Cooper moved for summary judgment, contending that his actions were objectively reasonable as a matter of law. The district court denied the motion, and Cooper now appeals. We dismiss this appeal for lack of jurisdiction.

Cooper alleges two errors on the part of the district court. First, he contends that the district judge erred in denying his motion for summary judgment by failing to analyze properly his claim of qualified immunity. Second, he contends that the district judge erred in denying his objections to summary judgment evidence presented by the plaintiffs.

As to the second contention, the district court plainly stated in its order that it did not consider the evidence to which the defendants objected in reaching its conclusion. We therefore need not review this assignment of error.[2] Instead, we review only the order denying summary judgment.

In moving for summary judgment, Cooper contends that the plaintiffs have offered no competent summary judgment evidence which could show that he acted unreasonably. This is not the case. The deposition testimony of Officer Ward, who witnessed the shooting, was that Drain was pointing a gun at his own head when Constable Cooper shot him to death.[3] In response to this

---

[2] Record at 1237-1238, footnote 3.

[3] Record at 504, p. 29.

evidence, Cooper points to his own version of the events, which has changed at least twice since his original statement. On the basis of these conflicting versions of the events, the district court found that there was a genuine issue as to a material fact, and denied summary judgment.[4]

In response to Cooper's appeal, Drain contends that this Court lacks jurisdiction to hear the appeal, because the denial of summary judgment was based on the existence of disputed issues of material fact. We agree. As the district court stated in its order denying summary judgment, "[I]n this case, the facts necessary to determine whether Cooper's actions were objectively reasonable are in hot dispute, as shown by the depositions and affidavits of the officers who witnessed the events firsthand. The conflicting statements create a genuine issue of material fact, which precludes summary judgment."[5]

It is clear from the district court's opinion that the court denied summary judgment because of a dispute as to the facts, not because of its application of established law to a given set of facts. A defendant who raises a qualified immunity defense is not entitled to appeal a district court's denial of summary judgment "insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial."[6] As this is just such a case, this Court is not possessed of jurisdiction in this matter, and the appeal is DISMISSED.

---

[4] Fed. R. Civ. P. 56 (c).

[5] Record at 1236.

[6] Naylor v. Louisiana, 123 F.3d 855, 857 (5th Cir. 1997).